## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| E. LYLE JOHNSON REVOCABLE TRUST, through trustee Everett Lyle Johnson, Jr.; and EVERETT LYLE JOHNSON, JR., trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-23-00814-JD |
| CITATION OIL & GAS CORP., a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and the Court's inquiry may be raised "at any stage in the litigation. . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 514 (2006). *See also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342, n.3 (2006) (presuming "that federal courts lack jurisdiction unless the contrary appears affirmatively from the record," and the party asserting federal jurisdiction carries the burden of establishing the same).

"[I]t is settled that the jurisdiction of a court of the United States must appear from distinct allegations, or from facts clearly proven, and is not to be established argumentatively or by mere inference." *Thomas v. Bd. of Trs. of Ohio State Univ.*, 195 U.S. 207, 218 (1904) (discussing diversity of citizenship). "The presumption is that a cause is without the jurisdiction . . . unless the contrary affirmatively and distinctly appears." *Id*. "To determine whether a party has adequately presented facts sufficient to

establish federal diversity jurisdiction, . . . courts must look to the face of the complaint, ignoring mere conclusory allegations of jurisdiction . . . ." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (internal citations omitted).

Defendant removed this matter to this Court on September 14, 2023, asserting that "[a]ccording to Plaintiff's Petition, [Plaintiff E. Lyle Johnson Revocable Trust ("Plaintiff Trust")] is an Oklahoma trust formed under Oklahoma law, and upon information and belief, has its residence or principal place of business in Oklahoma." Notice of Removal [Doc. No. 1] at 2.

The Court finds insufficient factual allegations to support Defendant's assertion of diversity jurisdiction under 28 U.S.C. § 1332. The Petition fails to allege any facts to determine the citizenship of the Plaintiff Trust. *See* Pet. [Doc. No. 1-2] at 3 (alleging "Plaintiff E. Lyle Johnson Revocable Trust was formed on December 29, 1992, under the laws of Oklahoma"). The citizenship of Plaintiff Trust is determined by the citizenship of each member of the entity, not the state where the entity was organized. *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1178 (10th Cir. 2015) (explaining that when the trust itself is a party, the trust's citizenship is derived from the citizenship of its members); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) (also explaining relevant time period of inquiry for purposes of determining the existence of complete diversity is at the time of the filing of the complaint).

As the party seeking the exercise of jurisdiction, Defendant "'must allege in [its] pleading the facts essential to show jurisdiction.'" *Penteco*, 929 F.2d at 1521 (quoting

*McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Defendant fails to plead facts to establish the necessary citizenship of the Plaintiff Trust in its removal for purposes of determining diversity jurisdiction. While Defendant alleges that "[P]laintiff Trust is an Oklahoma trust formed under Oklahoma law, and upon information and belief, has its residence or principal place of business in Oklahoma," *see* Notice of Removal [Doc. No. 1] at 2, Defendant does not allege the makeup of the members of the Plaintiff Trust and each of those member's citizenship. The Court cannot determine there is subject-matter jurisdiction on an inference. Put another way, there is not enough in the Petition or the Notice of Removal for the Court to determine the citizenship of the Plaintiff Trust to determine whether complete diversity exists between Plaintiffs and Defendant.

IT IS ORDERED that Defendant Citation Oil & Gas Corporation shall file a response to this Order establishing the existence of diversity jurisdiction within fourteen (14) days from the date of this Order consistent with the above authorities, or Defendant may amend its Notice of Removal to satisfy this Order (Defendant must follow Federal Rule of Civil Procedure 15 regarding amendments) consistent with the above authorities. *See also* 28 U.S.C. § 1653. Absent a showing of facts to establish complete diversity, this Court may remand the action to the District Court of Stephens County, Oklahoma for lack of subject-matter jurisdiction.

IT IS SO ORDERED this 20th day of October 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE